**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES DURST<br>39876 Persimmon Creek Road<br>Mechanicsville, MD 20659<br><br>      Plaintiff,<br><br>      v.<br><br>RESTAURANT ASSOCIATES, INC.<br>132 West 31st Street, Suite 601<br>New York, NY 10001<br><br>and<br><br>FAT WORM, LLC<br>4401-A Connecticut Avenue, NW<br>Suite 149<br>Washington, DC 20008<br>   SERVE:  Adrienne C. Edmands<br>   2511 17th Street, NW<br>   Unit 2<br>   Washington, DC 20009<br><br>      Defendants. | Case No.:  1:21-cv-00476<br><br>State Case No.:  2021 CA 000079 B |

## **NOTICE OF REMOVAL**

Without submitting to the jurisdiction of this Court and without waving any waivable defenses, Defendant Restaurant Associates, LLC ("Removing Defendant") (erroneously named as Restaurant Associates, Inc.), by and through counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.  Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which the United States District Court has original

jurisdiction under 28 U.S.C. § 1332.  In support of this Notice of Removal, Removing Defendant states as follows.

**FACTUAL ALLEGATIONS SUPPORTING REMOVAL**

1. On or about January 12, 2021, Plaintiff James Durst ("Plaintiff") commenced his action against Removing Defendant and co-Defendant Fat Worm, LLC ("Fat Worm") by filing a complaint in the Superior Court of the District of Columbia bearing case number 2021 CA 000079 B.  *See* Complaint attached hereto as *Exhibit 1*.

2. Plaintiff alleges that on or about July 30, 2019, he fell on a slick substance on the floor at the Smithsonian Institution at the National Museum of American History in Washington, D.C.

3. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1442, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders and other documents served on Removing Defendant in the Superior Court of the District of Columbia is attached hereto as *Exhibit 1*.

5. As alleged in the Complaint, Plaintiff is a resident citizen of Maryland. *See Ex. 1* Compl. at ¶ 1.  Thus, for diversity purposes, Plaintiff is a citizen of the State of Maryland.

6. According to publicly available records, co-Defendant Fat Worm was registered as a limited liability company in the District of Columbia on April 14, 2010.  *See* District of Columbia business registration records found at https://corponline.dcra.dc.gov, last viewed February 16, 2021, copies of which are attached hereto collectively as group *Exhibit 2.*  The sole member of

Fat Worm is listed as Adrienne Cecile Edmands, with the address of 2511 17th Street NW Unit 2, Washington DC, 20009.  ***Ex. 2.***  A limited liability company is considered a citizen of every state where any member of the entity is a citizen.  *See Simon v. Hofgard*, 172 F. Supp. 3d 308, 314–15 (D.D.C. 2016) (*citing Hoffman v. Fairfax Cty. Redevelopment & Hous. Auth.*, 276 F.Supp.2d 14, 18 (D.D.C. 2003).  *See also Purchasing Power, LLC v. Bluestem Brands, Inc.*, 841 F.3d 1218, 1220 (11th Cir. 2017).  For diversity purposes, Fat Worm is a citizen of the District of Columbia.

7. Removing Defendant is and was at the time Plaintiff commenced this action, a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 132 W. 31st St., Suite 601, New York, NY 10001.  For the purposes of determining diversity, a corporation is deemed a citizen of both the state of its incorporation and the state where it has a principal place of business.  28 U.S.C. § 1332 (c)(1).  For diversity purposes, Removing Defendant is a citizen of the State of New York.

8. In his Complaint, Plaintiff alleges that on or about July 30, 2019, he was an employee of the Smithsonian Institution at the National Museum of American History ("SI").  ***Ex. 1*** Compl. at ¶ 5.  In the Complaint, he alleges that on July 30, 2019, he slipped and fell on food recycling material on the floor.  ***Ex. 1*** Compl. at ¶ 5.  According to the allegations in Plaintiff's Complaint, SI owns the property where Plaintiff fell.  ***Ex. 1*** Compl. at ¶ 4.  Plaintiff alleges that SI hired Removing Defendant to operate and manage restaurants at the property.  ***Ex. 1*** Compl. at ¶ 4.  Plaintiff alleges that co-Defendant Fat Worm was hired by SI or Removing Defendant to pick up recycled foot waste from its restaurants.  ***Ex. 1*** Compl. at ¶ 4.

9. In Count I of his Complaint, Plaintiff alleges the incident occurred as a result of Removing Defendant's careless, negligent and reckless conduct in failing to supervise the area in question, failing to maintain and insect the area surrounding the food waste material disposal

station, failing to exercise the degree of care required and otherwise being negligent. **Ex. 1** Compl. at ¶ 12.

10. In Count II of his Complaint, Plaintiff alleges the incident occurred as result of Fat Worm's careless, negligent and reckless conduct in failing to properly remove trash and/or food waste material and failure to clean up spillage of food waste material, failing to notify SI or Removing Defendant that Fat Worm left the area slippery with food waste, failing to exercise the proper degree of care and otherwise being negligent. **Ex. 1** Compl. at ¶ 15.

11. In his prayers for damages against Removing Defendant and against Fat Worm, Plaintiff requests judgment in the amount of One Million and 00/100 Dollars ($1,000,000.00), plus interest, costs and any other costs the court deems appropriate.

## FEDERAL SUBJECT MATTER JURISDICTION EXISTS

12. This court has subject matter jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(A)(1); 28 U.S.C. § 1441(b). "The party seeking removal of an action bears the burden of proving that jurisdiction exists in federal court." *Downey v. Ambassador Dev., LLC*, 568 F. Supp. 2d 28, 30 (D.D.C. 2008).

### A. Complete Diversity Exists Between the Parties

13. As demonstrated above, for diversity purposes, Plaintiff is citizen of the State of Maryland. *See* **Ex. 1** Compl. at ¶ 1.

14. As set forth above, for diversity purposes, Fat Worm is a citizen of the District of Columbia. **Ex. 2.**

4

15. As shown above, for diversity purposes, Removing Defendant is a citizen of the State of New York.

**B.     This Notice of Removal is Timely**

16. Plaintiff commenced this action on January 12, 2021. Removing Defendant filed this Notice of Removal within thirty days of the Summons and Complaint being served upon removing Defendant on January 25, 2021, and before Plaintiff served co-Defendant Fat Worm. Accordingly, Removing Defendant's Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

17. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added).

18. Actions involving parties from different states and involving an amount in controversy exceeding $75,000.00 fall under a federal court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, and such cases are removable to federal court. Therefore, Congress' expression of its intent is that in cases where diversity is complete, and the amount in controversy exceeds $75,000, the case is removable to federal court unless "otherwise expressly provided."

19. 28 U.S.C. § 1441(b)(2) provides an exception:

A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

20. In interpreting this statutory language, the majority of courts have found no ambiguity and have honored its plain text, holding that the rule does not preclude removal of an

5

action where a forum defendant has been "joined" but not "served."  On April 7, 2020, in *Texas Brine Co. v. Amer. Arb. Assoc., Inc.*, the United States Court of Appeals for the Fifth Circuit joined the Second, Third, and Sixth Circuits in permitting "snap removal," whereby a non-forum defendant may remove an otherwise removable case even when a not-yet-served defendant is a citizen of the forum state.  955 F.3d 482 (5th Cir. 2020).  *See also Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest., Inc.*, 902 F.3d 147, 154 (3d Cir. 2018); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship...inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)").

21. It appears that neither the United States District Court for the District of Columbia nor the United States Court of Appeals for the District of Columbia Circuit have ruled on the propriety of "snap removals."  Other courts have found where there is complete diversity, "removal by a nonresident defendant prior to service of a forum defendant is not contrary to congressional intent[.]" *Francis v. Great West Cas. Co.*, 2918 WL 999679, at *2 (M.D. Ga. Feb. 21, 2018) (collecting cases).  *See also Pathmanathan v. Jackson Nat. Life Ins. Co.*, 2015 WL 4605757, at *3-5 (M.D. Ala. July 30, 2015); *Goodwin v. Reynolds*, 2012 WL 4732215, at * 3 (N.D. Ala. Sept. 28, 2012) ("It has been noted...that the 'majority' of courts follow the plain language of 1441(b) and allow non-forum defendants to remove where a forum defendant remains unserved"), *affirmed on other grounds*, 757 F.3d 1216 (11th Cir. 2014); *Lemley v. Midwest Automation, Inc.*, 2009 WL 12111382, at *1, n.2 (S.D. Ala. May 1, 2009) ("The court declines plaintiff's invitation to assume the role of Congress and modify the statute.")

22. In a recent case in the Northern District of Alabama, *Papa Air, LLC*, the court was presented with the "narrow issue of whether 'snap removal' is precluded by the resident defendant

rule when a non-resident defendant removes a case from state court on the basis of diversity jurisdiction prior to any of the defendants being 'properly joined and served.'" *Papa Air, LLC, v. Cal-Mid Props. L.P.*, 2020 WL 98687 at *7 (N.D. Ala. June 5, 2020). The court concluded that the "removal and abiding by the plain language of section 1441(b)(2)... does not lead to an absurd result so gross as to shock the general moral or common sense." *Id.* at *13. The Court's conclusion was supported by another unpublished opinion:

> Eleventh Circuit decision that held service of the complaint is not required prior to removal. *Id*. at 13-14 (see *Whitehurst v. Walmart*, 306 F. App'x 446, 448 (11th Cir. 2008) (per curiam) ("nothing in the removal statute, or any other legal provision requires that a defendant be served with the complaint before filing a notice of removal).

*Id*. at *13-14.

23.     Judge Proctor held in *Papa Air* that the language of section 1441(b)(2) is "not applicable until a home-state defendant has been served in accordance with state law. Prior to that, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume subject matter jurisdiction over the action." *Id*. at 14-15.

24.     This Court should follow the logic and reasoning set forth by the Second, Third, Fifth and Sixth Circuit Courts of Appeal, and numerous United States District Courts. Removing Defendant, as a non-forum defendant, should be permitted to remove where the forum defendant (Fat Worm) remains unserved.

          **C.**     **The Amount in Controversy Exceeds the Jurisdictional Requirement**

25.     It is clear from the face of the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff expressly demands One Million and 00/100 Dollars ($1,000,000.00), plus interest, costs and any other costs the court deems appropriate. *See* the "Wherefore" clauses of the Complaint, p. 4, ***Ex. 1.*** Thus, it is clear that the amount in controversy requirement is met as to Plaintiff's allegations against Removing Defendant and Fat

Worm.  *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014)(" "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").  *See also Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 749 (11th Cir. 2010) ("If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, the court has jurisdiction." (*citing Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1211 (11th Cir. 2007)).

### D.    REMOVAL IS OTHERWISE PROPER

26.    Venue is proper in this Court because the Superior Court of the District of Columbia is located within the District of Columbia.  *See* 28 U.S.C. § 1441 (a).

Written notice of the filing of the Notice of Removal will be promptly served on Plaintiff's counsel, and a copy will be promptly filed with the Clerk of the Superior Court of the District of Columbia pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing Notice of Removal is attached as ***Exhibit 3***.

Dated:  February 24, 2021

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Caitlin R. Convery*
Caitlin R. Convery, Bar No. 1047624
1800 K Street, N.W., Suite 1000
Washington, D.C. 20006
Telephone:  202.639.5603
Facsimile:  202.783.4211
cconvery@shb.com

*Attorney for Defendant*
*Restaurant Associates, LLC*

4815-5636-0156 v1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of February 2021, a copy of the foregoing was sent via U.S. Mail to the following parties:

Christopher T. Longmore
Dugan, McKissick and Longmore, LLC
22738 Maple Road, Suite 210
Lexington Park, MD 20653

*Attorney for Plaintiff*


Fat Worm, LLC
c/o Adrienne C. Edmands
2511 17th Street, NW
Unit 2
Washington, DC 20009

*Defendant*


                                              */s/ Caitlin R. Convery*
                                              Caitlin R. Convery